UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLANDRA MOORE,

    Plaintiff,

v.

CITY OF WALLED LAKE,

    Defendant.

Case No. 25-10301
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [3], DENYING PLAINTIFF'S MOTION TO DISMISS OR TRANSFER [2], AND SUMMARILY DISMISSING COMPLAINT [1]**

---

Colandra Moore is currently being prosecuted in an Oakland County District Court for a misdemeanor offense of driving with an invalid or improper license. (ECF No. 1, PageID.68–85); *see also City of Walled Lake v. Moore*, No. 24-002104-OT (52-1 Mich. Dist. Ct. filed June 24, 2024), https://perma.cc/2ESR-8RJQ. According to Moore, the prosecution violates her due process rights. (ECF No. 1, PageID.6, 8.) So on January 31, 2025, she filed suit against the City of Walled Lake. (*Id.* at PageID.1–7.) She also filed a "notice of removal and motion to dismiss or transfer" her state criminal case to this Court. (ECF No. 2.)[1] In her complaint, Moore seeks monetary damages, a declaration voiding the state court's orders and bench warrants, and

---

[1] The Court notes that ECF No. 1 and ECF No. 2 are identical, each containing Moore's complaint, "notice of removal and motion to dismiss or transfer," and supporting exhibits. The docket separately labels ECF No. 1 as Moore's complaint and ECF No. 2 as her "motion to dismiss or transfer," despite the contents being identical. For ease of reference, the Court will primarily cite to ECF No. 1 throughout.

injunctive relief preventing further violations of her rights. (ECF No. 1, PageID.6.) And in her motion to dismiss or transfer, she asks this Court to intervene in the state proceedings under 28 U.S.C. § 1443 by either dismissing the case or assuming jurisdiction over it. (*Id.* at PageID.8.) For the reasons stated below, her motion is denied and her complaint is dismissed.

I.

Along with her complaint and notice of removal, Moore filed an application to proceed without prepaying fees or costs, i.e., *in forma pauperis*. (ECF No. 3.) In her application, Moore states she has no income, $100 in savings, and substantial monthly expenses and debts. (ECF No. 3, PageID.179–180.) Thus, the Court finds that she has made the required showing of indigence and grants her application under 28 U.S.C. § 1915(a)(1).

As a result, the Court now has an additional responsibility under 28 U.S.C. § 1915: it must screen Moore's complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And while a *pro se* litigant's

2

complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)).

Moore's complaint is subject to dismissal under 28 U.S.C. § 1915 because it fails to state a claim under 42 U.S.C. § 1983—the "exclusive remedy for constitutional violations" such as due process. *Foster v. Michigan*, 573 F. App'x. 377, 391 (6th Cir. 2014). Moore brings claims against the City of Walled Lake based on the actions of its police officers and its court system. But "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory" of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To establish a viable § 1983 claim against the city, Moore would have to allege facts supporting "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019))). She has not. Thus, she does not state a viable § 1983 claim against the city and her complaint must be dismissed.

## II.

Moore's request to dismiss or remove her criminal prosecution to federal court must also be denied.

3

In "rare circumstances," 28 U.S.C. §§ 1443(1) and 1455 enable a criminal defendant to remove a state criminal prosecution to federal court. *See Thurmond v. Southfield Police Dep't*, No. 17-11148, 2017 WL 5892229, at *1 (E.D. Mich. Apr. 20, 2017). Removal is permitted under these statutes if a defendant "is denied or cannot enforce in the courts of such State a right under a law providing for . . . equal civil rights." *See* 28 U.S.C. § 1443(1); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) ("28 U.S.C. § 1443 provides a very special statute to deal with specific and discrete problems involving removal of cases . . . in which the defendant cannot enforce his claim of civil rights in the state court . . . ."). Section 1443(1) "do[es] not operate to work a wholesale dislocation of the historic relationship between the state and the federal courts in the administration of the criminal law." *City of Greenwood v. Peacock*, 384 U.S. 808, 831 (1966).

Such removals are governed procedurally by § 1455 and substantively by § 1443(1). Moore appears to have complied with the procedural requirements of § 1455, but her case does not clear the two substantive hurdles of § 1443(1). Under § 1443(1), a criminal defendant seeking removal (1) must have been denied a right arising under a federal law "that provides for specific civil rights stated in terms of racial equality," and (2) "must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *See Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989). Neither of these is true of Moore.

First, Moore does not cite a federal law that provides for specific civil rights stated in terms of racial equality. Moore cites the Fourth and Fourteenth

4

Amendments as the basis for removing her case to federal court. (ECF No. 1, PageID.8.) Specifically, she argues that her due process rights are being violated because the state court does not have jurisdiction to hear her case. (*Id.* at PageID.9 ("Federal intervention is necessary because the State of Michigan 52-1 Judicial District Court is proceeding without jurisdiction, thereby violating constitutional principles and depriving Plaintiff of fundamental protections.").) This is not only factually and legally inaccurate—she has been charged with a driving infraction which is a quintessential state charge—but this is not sufficient for removal under § 1443. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law . . . does not, standing alone, satisfy the requirements of § 1443(1).").

Nowhere in her complaint does she say she is being discriminated against on the basis of race or denied a civil right based on racial equality. She does make a cursory reference to the equal protection clause of the Fourteenth Amendment (ECF No. 1, PageID.9) and "systemic bias" (*id.* at PageID.13, 15), but she does not explain how her prosecution is the result of bias or how it allegedly violates the equal protection clause. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citations omitted).

5

Moore fares no better under the second requirement. This requirement sets the bar high, because this Court "must assume that the defendant's constitutional rights will be protected in the state court." *Michigan v. Martin*, 894 F.2d 1336, 1990 U.S. App. LEXIS 1465, at *3 (6th Cir. 1990) (unpublished table decision) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)). Indeed, "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted . . . that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Greenwood*, 384 U.S. at 828.

Moore makes no argument that she is "unable to or [is] denied the opportunity to enforce" her rights in state court. *See Tennessee Dep't of Child.'s Servs. v. Winesburgh*, 614 F. App'x 277, 280–81 (6th Cir. 2015). She has raised her jurisdictional claims in the local district court and can still raise her due process claim on appeal in the state courts. *See Winesburgh*, 614 F. App'x at 281 ("The relevant inquiry is whether 'the *courts* of the state in question' are closed to [defendant's] claims." (emphasis in original)).

More critically, Moore does not contend that the "very act of bringing [her] to trial in the state court" violates her rights. *See Greenwood*, 384 U.S. at 828. She does not, for example, contend that her prosecution *itself* violates her civil rights, as was the basis for removal under § 1443(1) in *Georgia v. Rachel*, 384 U.S. 780 (1966). There, a group of Black defendants were allegedly asked to leave restaurants around Atlanta in the 1960s "solely for racial reasons" and then prosecuted for trespassing when they refused. *Id.* at 783, 804. The Supreme Court found that removal would be

6

appropriate on those facts. *Id.* at 804. It concluded that "any proceedings in the courts of the State will constitute a denial of the rights conferred by the Civil Rights Act of 1964," which guarantees defendants' right to the "full and equal enjoyment" of the restaurants. *Id.* at 788, 804. In other words, "the mere pendency of the prosecutions" was a civil rights violation to the extent that the defendants' exercise of the right to equal access was the basis for their prosecution for trespass. *Id.* at 805.

That is hardly the situation here. Moore argues the state court lacks jurisdiction over her (in part because she says it failed to serve her) and she seeks to stop the prosecution altogether because the court did not rule on her objection to jurisdiction. (*See* ECF No. 1, PageID.14 ("[J]urisdiction is a threshold issue that must be resolved before substantive rulings are made. By failing to do so, the court acted ultra vires, rendering its actions void. Relief is warranted to correct this procedural defect and uphold constitutional protections.").) But this has nothing to do with protecting against racial discrimination. Nor does it show that "the very act of bringing her to trial in state court" would "inevitably" violate her rights. *See Greenwood*, 384 U.S. at 828. Nor is it accurate. Operating a motor vehicle without a valid license is a misdemeanor offense under Michigan law. Mich. Compiled Laws, § 257.904a. And Michigan's district courts have jurisdiction over misdemeanor offenses. *Id.*, § 600.8311. The cases Moore cites dealing with standing and jurisdiction in civil cases are inapplicable to this criminal proceeding. In short, there is no basis

for removal under § 1441. Moore can and should raise any constitutional concerns over her state prosecution in the state courts.[2]

## III.

For these reasons, Moore's application to proceed *in forma pauperis* (ECF No. 3) is GRANTED, her motion to dismiss or transfer her state court case to this court (ECF No. 2) is DENIED, and her complaint (ECF No. 1) is DISMISSED.

SO ORDERED.

Dated: May 1, 2025

Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that even if it did not dismiss this case on the merits, it would not otherwise intervene in Moore's state court case as she seems to request. The Supreme Court has made clear that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). *Younger* "requires federal courts to abstain where: (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995). And while *Younger* abstention ordinarily counsels in favor of a stay, as opposed to a dismissal, "staying the case under *Younger* abstention 'is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915,'" as it has done here. *Winn v. Macomb Township*, No. 24-12258, 2024 U.S. Dist. LEXIS 168435, at *6–7 (E.D. Mich. Sept. 18, 2024) (quoting *Boyd v. Farrin*, 575 F. App'x 517, 519–20 (5th Cir. 2014)); *see also Cassell v. Osborn*, Nos. 93-1557, 93-1607, 93-2079, 1994 U.S. App. LEXIS 8991, at *11 (1st Cir. Apr. 26, 1994) (affirming dismissal of damages claims under *Younger* abstention because "[t]he preference" for staying those causes of action "does not come into play where the claims asserted are patently frivolous.").